# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | Criminal No. 1:04-00103 |
| v. | : | |
| | : | (Chief Judge Kane) |
| LAURA WEIKEL | : | |
| | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 26, 2004, Defendant Laura Weikel pled guilty to: possession of a firearm in furtherance of drug trafficking, conspiracy to possess firearms in furtherance of drug trafficking, and possession with intent to distribute five grams or more of crack cocaine. (Doc. No. 504.) On May 9, 2005, Weikel was sentenced to 147 months' imprisonment and ordered to pay a $300 special assessment, $900 fine, and $900 restitution. (Doc. No. 701.) The $2,100 monetary penalty was made due in a lump sum payable at the time of judgment, but also made "payable during the period of incarceration, with any balance to be paid within three years of the defendant's release from custody." (Id. at 6.) No specific schedule of payments for the period during or after Weikel's incarceration was made by the Court. On October 5, 2009, Weikel was granted a § 3582 crack cocaine sentence reduction, which lowered her prison sentence to 129 months but did not change the amount of her monetary penalties. (Doc. No. 885.)

Currently pending before the Court is Weikel's "emergy [sic] motion for suspending order inmate financial responsibility program (IFRP) Payment and modifying order payments structure." (Doc. No. 891.) Weikel does not identify any particular statute or basis for relief in her motion, but she clarifies that she is not requesting a correction or reduction of the restitution

1

or fine. She argues simply that she is "petitioning the court to change the structure to have payments started upon completion of [her] period of imprisonment." (Id.) She asserts that she is not able to make her IFRP monthly payments from prison wages and that her sole financial support comes from her disabled father. She states that she is on IFRP refusal and that the IFRP payments are causing a financial burden on her father.

The Court first considers whether Weikel is attempting to seek an adjustment of payment schedule pursuant to 18 U.S.C. § 3664(k) for the restitution portion of her monetary penalty or 18 U.S.C. § 3572(d)(3) for the fine portion of her penalty.[1] Upon review of the motion, it appears that Weikel does not allege a change in financial circumstances, therefore her claim cannot be made pursuant to either section. Her father's advanced age and disability, as well as her indigence, were noted in the probation report prior to the time of sentencing. If there has been no material change in Weikel's economic circumstances, there is no basis for relief pursuant to a motion for adjustment of payment schedule pursuant to § 3664(k) and § 3572(d)(3). Moreover,

---

[1]Title 18 U.S.C. § 3664(k) provides:

[T]he defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . [T]he court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Title 18 U.S.C. § 3572(d)(3) similarly provides:

A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Weikel's motion is not cognizable under either statute because the terms of the statutes appear to apply only to installment orders, and the Court ordered payment due immediately in a lump sum, without providing for installment payments.[2]

The Court is left to consider whether Weikel is entitled to relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Weikel's statement that she is not moving for a "correct[ion] or a reduction of said fine" implies that she does not seek relief pursuant to § 2255, which is often referred to as a motion to correct sentence. Additionally, there is a one-year statute of limitations period for filing § 2255 motions, but nearly five years have elapsed in this case between the date of conviction and the date of this motion.[3]

It appears that Weikel's desired relief may be best garnered through a § 2241 petition for habeas corpus against the Bureau of Prisons ("BOP"). See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (stating that § 2241 is the proper method for federal prisoners challenging the execution of a sentence); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (inmates' challenges to payment schedules set by BOP are correctly framed as § 2241 claims). A petitioner must exhaust her administrative remedies prior to bringing a § 2241 petition, but it is unclear

---

[2] See, United States v. Wynn, 328 Fed.Appx. 826, 828 (3d Cir. 2009) (unpublished opinion) ("[§ 3572(d)(3)] by its terms does not apply where the fine is due immediately and in a lump sum.")

[3] A motion pursuant to § 2255 generally must be filed within one year of the date the conviction becomes final. 28 U.S.C. § 2255(f)(1). In rare situations, equitable tolling may apply, but the movant in such cases must show that she has "in some extraordinary way been prevented from asserting his or her rights." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (1998). There is nothing in the motion or on the docket to indicate that such tolling is warranted in this case. Moreover, though the one year period may also be extended if new evidence giving rise to her claim is uncovered, Weikel does not indicate the discovery of new evidence. For these reasons, it appears that § 2255 relief would be unavailable to Weikel.

from the face of the petition whether Weikel has sought administrative relief from the BOP. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (exhaustion required prior to bringing § 2241 petition). Notwithstanding her failure to allege exhaustion, the Court cannot simply adjudicate Weikel's motion as a habeas corpus petition because the Court lacks jurisdiction over such a claim. A § 2241 petition must be filed in the district in which the prisoner is confined, and Weikel currently resides in West Virginia. Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004); (Doc. No. 891 at 2, 3.) Accordingly, this Court cannot exercise jurisdiction over Weikel's motion and it must be dismissed.[4]

**AND NOW**, this 16th day of April 2010, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Weikel's motion (Doc. No. 891) is **DENIED** without prejudice.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[4]The Court acknowledges that, it in the interests of justice, improperly filed petitions for habeas corpus may be transferred to the proper jurisdiction. 28 U.S.C. § 1631. The Court finds that the interests of justice are not served by transferring the motion to the District of West Virginia at this time. Dismissing the claim without prejudice will allow Weikel to exhaust administrative remedies, if she has not already done so, or to plead that she has exhausted, and to reframe her claim so that relief is cognizable under § 2241 if that is her intended result.